IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

MATTHEW RYAN FOY,

                Plaintiff,

       v.

JAREMIE AUGAFA and DANIEL
RABB,

                Defendants.

Case No. 3:26-cv-00077-RRB

## **ORDER OF DISMISSAL UPON SCREENING**

On February 17, 2026, self-represented prisoner Matthew Foy ("Plaintiff")

filed a civil complaint and an application to waive prepayment of the filing fee.[1]  Plaintiff

names Jaremie Augafa, his parole officer, and Daniel Rabb, a parole officer supervisor, as

Defendants.[2]  Liberally construed, Plaintiff seeks to challenge a parole violation report

signed by both Defendants on August 28, 2025, which resulted in his reincarceration.  He

argues that Defendants made false reports of dates and instances of drug use while he was

on parole, and false reports that he had assaulted staff at a previous residence.[3]

---

[1] Dockets 1–2.
[2] *Id.* at 2.
[3] *Id.* at 5.

For relief, Plaintiff seeks release from State custody, reimbursement for lost wages in the amount of $100,000.00 per month of incarceration,[4] and between two and four million dollars for intentional infliction of emotional distress and physical pain due to the "libelous and defamatory attacks on me."[5]

The Court now has screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED without prejudice to refiling should his parole violation be overturned in state court.

## I. SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[6] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i)     is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)     seeks monetary relief against a defendant who is immune from such relief.[7]

---

[4] Plaintiff says he is "a certified diver, and gold dredger that was in Nome, Alaska, to work for the mining season." *Id*. at 5.
[5] *Id*.
[6] 28 U.S.C. §§ 1915, 1915A.
[7] 28 U.S.C. § 1915(e)(2)(B).

Case 3:26-cv-00077-RRB     Document 8     Filed 07/01/26     Page 2 of 10

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[8]  However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[9]  Although a court must liberally construe complaints filed by self-represented plaintiffs, it is not required to sift through disorganized, illegible, or incoherent material to construct claims on a litigant's behalf.[10]  It is the plaintiff's responsibility to gather and plead the necessary facts to support his claims.  Apart from searching the Alaska state court dockets on occasion, the Court does not conduct any independent research when screening a complaint.  However, a court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[11]  Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[12]

---

[8] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[9] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[10] *Indep. Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003).

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).  Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."  BLACK'S LAW DICTIONARY (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[13]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14]

## II.  DISCUSSION

### A.  Civil Rights Claims Generally Under 42 U.S.C. § 1983 ("Section 1983")

Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[15] To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[16]  To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[17]  A state actor "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[18]  To be deprived of a right, the

---

[13] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[15] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[18] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[19]

A supervisor can be held liable in his individual capacity under § 1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[20]

Finally, the Ninth Circuit has held repeatedly that state officers are absolutely immune from suits arising from the imposition of parole or probation conditions.[21] For example, a parole officer has discretion in determining whether to initiate revocation proceedings for minor violations, such as missed appointments, and is immune from suit based on a discretionary decision to do so. In contrast, probation officers are not entitled to absolute immunity when they are performing investigatory or law enforcement functions.[22]

## B.    Plaintiff's Claims

Plaintiff suggests that Defendants "acted outside of their jurisdiction" by making accusations in a parole violation report that were completely untrue,

---

[19] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[20] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[21] *Swift v. California,* 384 F.3d 1184, 1189 (9th Cir. 2004) ("Absolute immunity has also been extended to parole officials for the imposition of parole conditions . . . ."); *Chavez v. Robinson*, 12 F.4th 978, 997 (9th Cir. 2021) ("This immunity applies even where parole officers 'impos[e] allegedly unconstitutional parole conditions.'") (citing *Thornton v. Brown*, 757 F.3d 834, 839–40); *Miller,* 335 F.3d at 895–96 (recognizing the "common-law tradition that extended absolute immunity to individuals performing functions necessary to the judicial process").

[22] *Id*.

*Foy v. Augafa , et al.*                                                                                    Case No. 3:26-cv-0077 RRB
Screening Order                                                                                              Page 5 of 10
Case 3:26-cv-00077-RRB      Document 8      Filed 07/01/26      Page 5 of 10

unsubstantiated, and meritless. These false accusations included dates and instances of drug use while he was on parole, and false reports that he had assaulted staff at a previous residence, resulting in revocation of parole by the parole board.[23] Plaintiff alleges that he experienced physical pain (due to an assault), mental pain, and emotional distress while incarcerated for the alleged parole violation. Plaintiff further alleges that the Defendants "intentionally inflicted emotional distress, mental pain, and physical pain by acting outside of their jurisdiction. He alleges that Defendants were aware of his previous diagnosis of complex PTSD, and that their actions were "extremely difficult on my mental state." Due to his re-incarceration, Plaintiff is "unable to get the proper treatment" for his complex PTSD.[24]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[25] A search of the publicly available state court records shows several entries, with the most relevant being Plaintiff's 2016 guilty plea for assault[26] and two open applications for post-conviction relief.[27] There is no information about the arrest and parole revocation giving rise to this case.

---

[23] Docket 1 at 5.

[24] *Id.*

[25] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[26] Case number 2NO-16-00549CR.

[27] Cases numbered 2NO-18-00026CI and 2NO-23-00124CI.

## C. Federal Law Precludes Relief from this Court

Federal courts are extremely limited in when they may intervene in state criminal cases, whether those cases are ongoing or already concluded. This limitation arises from fundamental principles of federalism and comity—the recognition that the enforcement of state criminal laws is the responsibility of the state courts, not the federal judiciary. Specifically, the *Younger* abstention doctrine prohibits a federal court from interfering with ongoing state court proceedings absent extraordinary circumstances;[28] the *Rooker–Feldman* doctrine bars claims that would require a federal court to review and invalidate a state court decision;[29] and the *Heck* doctrine bars claims that necessarily imply the invalidity of a state court conviction or sentence, unless that conviction or sentence has already been invalidated through direct appeal, executive order, a state tribunal, or federal habeas relief.[30] In *Heck v. Humphrey*,[31] the Supreme Court held that a prisoner's damages claims that necessarily implied the invalidity of his conviction or sentence could not be maintained in federal court under Section 1983 unless the prisoner-plaintiff proved "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"[32] Courts consistently have held that *Heck* also applies to claims attacking the validity of parole revocation

---

[28] *Younger v. Harris*, 401 U.S. 37 (1971).
[29] *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).
[30] *Heck v. Humphrey,* 512 U.S. 477 (1994).
[31] 512 U.S. 477 (1994).
[32] *Id.* at 486–87 (citation omitted).

*Foy v. Augafa , et al.*                                                             Case No. 3:26-cv-0077 RRB
Screening Order                                                                              Page 7 of 10
Case 3:26-cv-00077-RRB     Document 8     Filed 07/01/26     Page 7 of 10

proceedings because such claims inherently call into question the fact and duration of confinement.

Here, Plaintiff's claims challenging his parole revocation and return to custody are barred by *Heck.* Plaintiff has not demonstrated that his parole revocation or his conviction has been overturned or otherwise favorably terminated. Additionally, Plaintiff has ongoing post-conviction relief proceedings in state court. Therefore, any claims that would imply the invalidity of his parole revocation or the underlying criminal conviction must not be brought in an amended complaint in a Section 1983 damages action. Such claims must be alleged in a petition for a writ of habeas corpus in a separate case.[33] However, Plaintiff must exhaust his state court remedies before filing a writ of habeas corpus in federal court,[34] as explained below.

## D.    Exhaustion of State Court Remedies

Federal habeas cases filed by prisoners must comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules")[35] and the District of Alaska Local Habeas Corpus Rules.[36] Petitions filed under Section 2254 must meet strict procedural requirements, including proper exhaustion of

---

[33] *Shinn v. Ramirez,* 596 U.S. 366, 375 (2002) ("A state prisoner may request that a federal court order his release by petitioning for a writ of habeas corpus.") (citing 28 U.S.C. § 2254).

[34] *Id.* at 378 ("Ordinarily, a state prisoner satisfies [the state court remedies] exhaustion requirement by raising his federal claim before the state courts in accordance with state procedures.").

[35] Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court . . . the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[36] https://www.akd.uscourts.gov/sites/akd/files/local_rules/habeas_corpus.pdf.

*Foy v. Augafa , et al.*                                                          Case No. 3:26-cv-0077 RRB
Screening Order                                                                        Page 8 of 10
Case 3:26-cv-00077-RRB      Document 8      Filed 07/01/26      Page 8 of 10

state remedies before a petition may be filed in federal court.[37]  To satisfy the exhaustion requirement, a habeas petitioner must have "fairly presented" his federal claims by describing both the federal legal theory and the operative facts on which each ground for relief is based to each appropriate state court for review, including a state supreme court with powers of discretionary review.[38]  In other words, proper exhaustion requires a petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[39]  In Alaska, this means that federal claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claims must then be raised on direct appeal to the Alaska Court of Appeals, and if he disagrees with that result, the claims must be raised in a petition for hearing to the Alaska Supreme Court.[40]  This same process also applies to post-conviction proceedings by the Alaska Superior Court and review of any post-conviction decision by the Alaska Court of Appeals and the Alaska Supreme Court.[41]

### III.   CONCLUSION

In light of the foregoing, Plaintiff's claims challenging his parole revocation are dismissed without prejudice to refiling in a habeas petition.  However, Plaintiff has not

---

[37] 28 U.S.C. §§ 2254(b)(1), (c).

[38] *See Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.").

[39] *Date v. Schriro*, 619 F. Supp. 2d 736, 762 (D. Ariz. 2008) (quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)).

[40] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845.  In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court .  *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[41] *See* 28 U.S.C. § 2254(c); *see also O'Sullivan*, 526 U.S. at 844–45.  *See generally* Alaska R. Crim. P. 35.1.

yet exhausted his state remedies, so he cannot seek habeas relief in federal court at this time. And, until Plaintiff has proven the invalidity of the imposition of his remaining sentence after his parole revocation, he is barred from seeking monetary damages arising from it.[42] If his parole revocation is overturned, Plaintiff may be able to seek compensatory and punitive damages for the harm caused if he can plead sufficient facts to state a plausible claim under Section 1983.[43]

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's Complaint at **Docket 1 is DISMISSED** without prejudice to refiling; and

2.  Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is DENIED as moot.**

IT IS SO ORDERED this 1st day of July, 2026, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[42] *Zupan v. Brown,* 5 F. Supp. 2d 792, 795 (N.D. Cal. 1998) (finding "that the requirements of Heck apply with equal force to parole revocations as to convictions.").

[43] *See* Ninth Circuit Manual of Model Civil Jury Instructions and the cases cited therein.

Case 3:26-cv-00077-RRB     Document 8     Filed 07/01/26     Page 10 of 10